UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SMG FOODS, LLC ET AL | CIVIL ACTION |
| VERSUS | NO: 09-6734 |
| DELEK CAPITAL ET AL | SECTION: J(4) |

**ORDER**

Before the Court is Defendant Republic Fire and Casualty Insurance Company's **Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim upon which Relief can be Granted (Rec. Doc. 6)** and supporting memoranda, as well as Plaintiff's **Response Memorandum in Opposition (Rec. Doc. 10).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This matter was filed in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana in August of 2009 and removed to this district on October 8, 2009. In this matter, Plaintiffs, d/b/a Serranos Salsa Company, filed suit against their insurance company. Plaintiffs allege that their properties suffered damage during Hurricane Gustav and that Defendant failed to properly compensate them for the damages suffered to the properties. Plaintiffs have therefore asked that Defendant be liable for breach of contract, as well as penalties and

reasonable attorneys' fees for breach of the duty of good faith and fair dealing.

Defendant has filed the current motion alleging that Plaintiffs failed to properly state a claim in their pleading in which relief could be granted. They are therefore asking that this Court dismiss Plaintiffs' claims pursuant to Rule 12(b)(6).

**DISCUSSION**

The standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009); <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007). The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. <u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

**I. Breach of Contract Claims**

In Plaintiffs' complaint, the following allegations are made:

1. Defendant had in full force and effect a commercial lines insurance policy covering the plaintiffs' properties, together with betterments and improvements at each location.

2. "Defendant's policy of insurance provides . . . for the plaintiffs' Metairie operations, personal property coverage of $520,000, business income of $1,200,000, and building

>    coverage of $1,000,000; for the Baton Rouge (Highland Road) operation, business income of $600,000, personal property coverage of $297,400, and building coverage of $50,000; for the Baton Rouge (Interline Ave.) operation, personal property coverage of $15,600, and business income of $5,000; and the Lafayette (Johnston St.) operation, personal property coverage of $650,000, business income of $1,000,000, and building coverage of $1,200,000; all coverages calculated on replacement value."
>
> 3. In 2008, Hurricane Gustav made landfall in south Louisiana, causing widespread windstorm damages in numerous Parishes, including where Plaintiffs' properties were located.
>
> 4. As a result, Plaintiffs' operations sustained significant damages.
>
> 5. Plaintiffs initiated claims for losses under the above referenced policy.
>
> 6. Defendants only tendered payment of $10,000 for food spoilage at each restaurant location even though the spoilage was significantly greater.
>
> 7. In spite of Plaintiffs' demands, Defendants failed to fully pay for building damage (including significant damage to the building and roof at the Highland Road restaurant premises), for damaged contents at each of the insured premises, or for income loss.

Defendant alleges that these claims are insufficient to find that Plaintiffs have stated enough facts to allow this Court to conclude that it is "plausible" that they are entitled to relief for the breach of contract claims. Defendant's argument is based on the Fifth Circuit's decision in Louque v. Allstate Ins. Co., 314 F.3d 776 (5th Cir. 2002).

In Louque, the Fifth Circuit held that "[t]o state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision." Id. at 782. However, as this Court recognized in Stokes v.

Allstate Indemnity Co., No. 06-1053, 2007 WL 1875847 (E.D. La. June 28, 2007), the holding in Louque was limited to the facts in that case. In Louque, the Plaintiff was attempting to bring a suit for breach of contract because the defendant "refused to settle a 'valid' claim." Id. However, the plaintiff failed to show that there was any provision in the contract that required the defendant to settle all claims. Id.

In Stokes, this Court refused to broadly apply Louque's limited holding to a fact scenario such as this when a plaintiff alleges that the contract covered certain claims, but simply failed to cite to the exact provision in the contract. In Stokes, as in this case, there was a contract between the parties, the defendant is claimed not to owe additional funds under the policy, and the plaintiffs disagreed. See, e.g., Stokes, 2007 WL 1875847. Under these facts, "[t]here does not appear to be any requirement . . . that would require plaintiffs to plead with particularity which specific provision of the contract was breached." Stokes, 2007 WL 1875847 at *3. Therefore, this Court finds that Defendant is incorrect in asserting that Plaintiffs have not stated enough facts in the complaint to allow a court to conclude that it is "plausible" that they are entitled to relief.

**II. Bad Faith Claims**

Plaintiffs have also made claims for penalties and reasonable attorneys fees under La. R.S. 22:1892 and 1973,

alleging that Defendant breached the duty of good faith and fair dealing.  Defendant argues that these claims are unsupported by any factual content and that the allegations in the complaint do not allow this Court to draw a reasonable inference regarding Defendant's liability for penalties and attorneys' fees.

    *A. La. R.S. 22:1892*

Louisiana jurisprudence mandates strict construction with statutes that are penal in nature.  <u>Ferdinand v. Republic Fire & Casualty Insurance</u>, No. 09-1434, 2009 WL 3062664 at *3 (E.D. La. Sept. 22, 2009) (<u>citing</u> <u>Henry v. Allstate Insurance Company</u>, No. 07-1738, 2007 WL 2287817 (E.D. La. Aug. 8, 2007); <u>Armstrong v. Rabito</u>, 663 So.2d 512, 514 (La. App. 1995); <u>Hart v. Allstate Ins. Co.</u>, 437 So.2d 823 (La. 1983)).  La. R. S. 22:1892 states that all insurers shall make a written offer to settle any property damage claim within thirty days after receipt of satisfactory proof.  22:1892(A)(4).  Failure to make such payment within thirty days after receipt of such satisfactory written proof, when such failure is arbitrary, capricious, or without probable cause, shall subject the insurer to penalty.  22:1892(B)(1).  In their complaint, Plaintiffs allege that Defendant "failed to make a written offer to settle the plaintiffs' property damage claims within 30 days after satisfactory proof of those claims."  Defendant incorrectly argues that this claim is not sufficient to allow this Court to conclude that it is "plausible" that Plaintiffs are entitled to relief under 22:1892.  Although

Plaintiffs did not specifically state that they submitted satisfactory proof of their claims, it is reasonable to infer from their statement that satisfactory proof was submitted. By alleging that Defendant failed to make a written offer to settle within 30 days after satisfactory proof of the claims, this Court believes it is plausible that Plaintiffs are entitled to recovery under 22:1892. As a result, Plaintiffs have alleged enough to withstand a Rule 12(b)(6) motion to dismiss.

*B. La. R.S. 22:1973*

Regarding 22:1973, Section A of the statute provides certain duties that insurers have to insured, including a duty of good faith and fair dealing. In Section B, the statute lists six prohibited actions, which if committed by the insurer, constitutes a breach of these duties:

1. Misrepresenting pertinent facts or insurance policy provisions relating to any coverage at issue.

2. Failing to pay a settlement within thirty days after an agreement is reduced to writing.

3. Denying coverage or attempting to settle a claim on the basis of an application which the insurer knows was altered without notice to, or knowledge or consent of, the insured.

4. Misleading a claimant as to the applicable prescriptive period.

5. Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.

6. Failing to pay claims pursuant to R.S. 22:1893 when such failure is arbitrary, capricious, or without probable cause.

Louisiana courts have held that unless one of the prohibited acts specified above is asserted by a plaintiff, the 22:1973 claims must be dismissed. Ferdinand, 2009 WL 3062664 at *3 (citing Henry, 2007 WL 2287817 at *6; Armstrong, 663 So.2d at 514; Boatner v. State Farm Mutual, No. 92-C-1248 (La. App. Sept. 28, 1992). In their complaint, Plaintiffs do not specifically allege that Defendant committed any of the aforementioned prohibited actions. Instead, Plaintiffs generally allege that the "defendants breached its duty of good faith and fair dealing owed to the plaintiffs." This allegation appears to be Plaintiffs' attempt to allege a cause of action under 22:1973(A), which states, in pertinent part, that "an insurer . . . owes to his insured a duty of good faith and fair dealing [and] any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach." However, Section A does not provide a cause of action independent of those listed in Section B. Armstrong, 663 So.2d at 514. Therefore, because Plaintiffs have failed to allege any of the specific acts outlined in Section B, Defendant is correct in asserting that Plaintiffs' have failed to state a cause of action for which relief can be granted in relation to 22:1973.

Nevertheless, as exercised in Ferdinand, a district court has the authority to grant a plaintiff leave to amend a complaint to state a valid claim for relief. Ferdinand, 2009 WL 3062664 at *4; Fed. R. Civ. P. 15(a). In the interest of justice, this

Court will exercise that authority as well.

Accordingly,

**IT IS ORDERED** that Defendant Republic Fire and Casualty Insurance Company's **Motion to Dismiss under Rule 12(b)(6) for Failure to State a Claim upon which Relief can be Granted (Rec. Doc. 6)** is **DENIED** and that Plaintiffs are given **21 days** from the date of this order to amend the complaint to state a valid claim under La. R.S. 22:1973, as discussed above.

New Orleans, Louisiana this 7th day of January, 2010.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE